**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-03376 JAK (SHx) | Date | May 3, 2012 |
|---|---|---|---|
| Title | Margareta Collin v. First American Trustee Servicing Solutions, LLC, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

Plaintiff Margareta Collin ("Plaintiff") filed this action on April 18, 2012. Compl., Dkt. 1. Plaintiff advances one cause of action for fraudulent concealment against Defendants First American Trustee Servicing Solutions, LLC ("First American") and Wells Fargo, N.A. ("Wells Fargo," and collectively, "Defendants"). Dkt. 1.

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case, see *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). When a case does not arise under federal law, this Court has subject matter jurisdiction only when there is "diversity of citizenship." 28 U.S.C. § 1332. An action may be brought in federal court based on diversity jurisdiction where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.* Plaintiff alleges that she resides at "2350 Vista Ridge Lane, Signal Hill, California 90755," Compl., p. 1, Dkt. 1; "Defendant First American Trustee Servicing Solutions, LLC, 6 Campus Circle, 2nd Floor, Westlake, TX76262 [sic]," *id.*; and "Defendant- Wells Fargo N.A. 1 Home Campus, Des Moines, IA 50328," *id.* As an initial matter, Plaintiff has failed to allege the citizenship of each party; instead, she has simply alleged addresses. Further, the Complaint does not adequately allege the citizenship of First American. For purposes of diversity jurisdiction, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* 15 Martin H. Redish, MOORE'S FEDERAL PRACTICE § 102.57[8] (3d ed. 2007). Thus, Plaintiff must submit evidence of the citizenship of every member of First American.

The party seeking to establish jurisdiction bears the burden of proof on this issue. *Kokkonen*, 511 U.S. at 377. Here, the Complaint does not carry this burden. Thus, it does not provide the required information noted above with respect to the alleged states of which each party is a citizen. Accordingly, the Court issues this Order to Show Cause re Subject Matter Jurisdiction. On or before **May 17, 2012**, the parties are to submit any memoranda (each of which is not to exceed five pages) and any supporting evidentiary materials, with respect to whether this Court has subject matter jurisdiction over this action. Upon receiving these memoranda and materials, the Court will determine whether a hearing

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-03376 JAK (SHx) | Date | May 3, 2012 |
|---|---|---|---|
| Title | Margareta Collin v. First American Trustee Servicing Solutions, LLC, et al. | | |

on any issue raised is required or if the matter can be addressed by the Court without a hearing.

**IT IS SO ORDERED.**

                                                                                     :

Initials of Preparer   ak